■ JOSEPH ROTH SPRAY TRUST et al., Appellants, v TOYS "R" US, INC., Defendant, and SHEA, GOULD, CLIMENKO & CASEY, Respondent.—In an action to recover damages for breach of contract and to compel the release of funds held in escrow, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated May 1, 1985 which granted the motion of the defendant Shea & Gould (hereinafter S&G), sued herein as Shea, Gould, Climenko & Casey, *inter alia,* to discharge it from liability to any of the parties to the lawsuit, dismissed the plaintiffs' complaint insofar as it is asserted against S&G with prejudice, directed S&G to pay the Commissioner of Finance $55,000, the balance of certain escrow funds in its possession, and dismissed as academic the plaintiffs' cross motion for partial summary judgment in their favor and against S&G.

Order modified, by deleting from the first decretal paragraph thereof the words "in whole from liability to any party herein and the plaintiffs' complaint against S&G is dismissed with prejudice" and substituting therefor the words "from liability to any party herein for the $55,000 remaining in the

escrow account at the time of the commencement of the action, and the plaintiffs' complaint against S&G is dismissed with prejudice, except for the claim for accumulated interest in the escrow account". As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings with respect to the claim for accumulated interest.

The plaintiff Joseph Roth Spray Trust and the predecessors in interest of the plaintiff Palmer Realty Company contracted to sell a parcel of real estate to the defendant Toys "R" Us, Inc. (hereinafter Toys). The contract of sale provided that if grading at the premises to be done by the sellers was not completed prior to the closing, the sellers would deposit in escrow with Toys' attorney, in an interest-bearing account, a sum not to exceed $225,000, to be released from time to time in accordance with the amount of work completed. Pursuant to this provision and a rider to the contract of sale, $225,000 was deposited with S&G, Toys' attorney, in accordance with an escrow agreement signed by S&G, the sellers, and Toys.

The escrow agreement contained, *inter alia,* the following clauses:

"6. If any dispute arises between Seller *[sic]* and Toys, or if we [S & G] are uncertain as to our obligations hereunder, we shall have the right, but not the obligation, to refrain from taking any action other than to continue to hold in escrow in such account the amount held under this agreement until otherwise directed by a final judgment of a court of competent jurisdiction or by a written agreement signed by Seller *[sic]* and Toys * * *

"8. We shall not be obligated to, but may, institute legal proceedings of any kind, including but not limited to a legal proceeding or action in a court of competent jurisdiction to determine our obligations hereunder or to seek permission to deposit such amount in court and be relieved of all further obligations hereunder".

After all but $55,000 had been released from the escrow fund to pay for grading, a dispute concerning the grading arose between the sellers and Toys.

After nearly three years of negotiations, the plaintiffs sued to recover damages from Toys for the grading work and to recover the remaining escrow money from S&G.

S&G moved, *inter alia,* for leave to deposit the escrow money into court, and the plaintiffs cross-moved for summary judgment in their favor against S&G.

Pursuant to paragraphs six and eight of the escrow agreement, S&G had the right to deposit the escrow money into court and be relieved of all further obligations. However, despite an exculpatory provision in the escrow agreement, there is an issue of fact concerning whether S&G originally deposited the escrow money in an interest-bearing account, as provided in the agreement. Thus, we have modified the order appealed from so as to reinstate the claim for accumulated interest. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.